**NOT FOR PUBLICATION**

                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


EMORY M. GHANA and            :
ANGEL MARTINEZ,               :
                              :    Civil Action No. 07-5628 (RBK)
          Plaintiffs          :
                              :
     v.                       :        **O P I N I O N**
                              :
GEORGE HAYMAN, et al.,        :
                              :
          Defendants.         :


**APPEARANCES:**

     Emory M. Ghana, Plaintiff pro se
     #52180 SBI#000135365A
     Angel Martinez, Plaintiff pro se
     Southwoods State Prison
     Bridgeton, New Jersey  08302


**Robert B. Kugler**, District Judge

     Plaintiffs Emory M. Ghana and Angel Martinez (hereinafter

"Plaintiffs"), prisoners incarcerated at Southwoods State Prison,

submitted to the Clerk for filing their joint civil rights

complaint (hereinafter "Complaint").  The Complaint is a

thirteen-page long document thickly covered by Plaintiffs'

handwriting.  Content-wise, the Complaint is an oblique harangue

against Defendants, accusing them of various wrongs committed

against "blacks."[1] The Complaint contains no specific facts of any kind, moreover any facts specific to either Plaintiff.

I.     CONSOLIDATION / CLASS ACTION

"One or more members of a class may sue . . . as representative parties on behalf of all only if . . . the . . . representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). It is well established, however, that "a prisoner proceeding pro se may not seek relief on behalf of his fellow inmates." Alexander v. New Jersey State Parole Board, 160 Fed. App. 249, 249 n.1 (3d Cir. 2005) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). Accordingly, the Court will not permit this action to proceed as a class action. Nor will the Court permit Plaintiffs' claims to be joined pursuant to Fed. R. Civ. P. 20. Title 28, Section 1915 governs proceedings in forma pauperis and imposes special limitations with respect to in forma pauperis

---

[1] The Complaint does not specify Plaintiff's understanding of the term "Blacks," leaving the Court to guess if the term implies all ethnic and/or racial and/or religious minorities in the state of New Jersey (in view of Plaintiffs' allegations that Defendants seek to murder all "blacks, non-white and Jews" in New Jersey), or only minority prisoners, or only African-American prisoners at Southwoods State Prison, or native Africans having neither United States citizenship not rights of legal aliens but being detained at Southwoods State Prison.

actions brought by prisoners. Rule 20 governs permissive joinder of parties and provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Two Circuit Courts of Appeals have analyzed the interrelationship of § 1915 and Rule 20. In Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002), the Court of Appeals for the Eleventh Circuit concluded that the language of § 1915(b)(1), that "the prisoner shall be required to pay the full amount of a filing fee," requires each prisoner to bring a separate suit and, to the extent that statutory language actually conflicts with Rule 20, the statute repeals the rule. See Hubbard, 262 F.3d at 1197. The Court of Appeals for the Seventh Circuit, however, found no irreconcilable conflict between § 1915(b)(1) and Rule 20 and held that district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied. See Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004). Nevertheless, the Seventh Circuit held that each prisoner joining in a multiple-prisoner civil action must pay the full filing fee in order to comply with the clear language of § 1915(b)(1) and to satisfy the financial

incentive of the statute to deter frivolous prisoner actions. See Boriboune, 391 F.3d at 855-56.

Whether there is an inherent conflict between § 1915(b) and Rule 20, at least two district courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20. See Wasko v. Allen County Jail, 2006 WL 978956 (N.D.Ind. 2006); Swenson v. MacDonald, 2006 WL 240233 (D. Mont. 2006). Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. These two district courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for the District Court for the District of Montana was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates." Swenson, 2006 WL 240233, *4.

The Court finds the reasoning of these district courts persuasive. Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult. Fed. R. Civ. P. Rule 21 provides that "[p]arties may be dropped [from a case] ... on such terms as are just." It would not be just to dismiss this case

merely because Plaintiffs' claims may not be joined or pursued as a class action. Instead, the Court will deny their implied request to proceed as a class or as joint plaintiffs, will dismiss Plaintiff Angel Martinez from this action, and will direct the Clerk to open a separate case for Plaintiff Angel Martinez, docketing this Complaint therein as "received" and also docketing therein this Opinion and the accompanying Order. Each of the Plaintiffs will be granted leave to file an amended complaint asserting his individual claims.[2]

II. JUS TERTII

Under the "next friend" doctrine, standing is allowed to a third person so this third person could file and pursue a claim in court on behalf of someone who is unable to do so on his or her own. The doctrine dates back to the English Habeas Corpus Act of 1679 and provides a narrow exception to the "case in controversy" requirement set forth in the Article III of Constitution. See Whitmore v. Arkansas, 495 U.S. 149, 154-55 (1990).

The Whitmore Court set out two requirements that should be met by the one seeking to qualify for "next friend" standing: (1) "the 'next friend' must be truly dedicated to the best interests of the

---

[2] Nothing in this Opinion should be construed as precluding Plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for any purposes if that becomes appropriate at a later date.

person on whose behalf [(s)he] seeks to litigate" (and it has been further suggested that a "'next friend' must have some significant relationship with the real party in interest"; and (2) "the 'next friend' must provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the action." Id. at 163-64.  The burden is on the "next friend" to justify his/her status and, thereby, to obtain the jurisdiction of the federal courts. See id. at 164.

In view of these requirements, this Court cannot currently recognize either Plaintiff Ghana or Plaintiff Martinez as "next friends" of unspecified "blacks" (or persons who are other ethnic and/or racial and/or religious minorities, and who might be imprisoned or not, as well as holders of United States citizenship, or proper legal alien status or not).  With respect to both Plaintiff, this Court cannot satisfy even the first prong of the Whitmore test since the Court has no information as to what is Plaintiffs' relationship to these unspecified "blacks" and/or whether Plaintiffs are "truly dedicated to the best interests" of these unspecified "blacks."  Moreover, the Court has no evidence verifying mental incompetence of these unspecified "blacks," and their inability to vindicate their legal rights without Plaintiffs' assistance.  Therefore, this Court finds that the second prong of the Whitmore test is also unsatisfied, and expressly advises both

Plaintiffs that, in the event they elect to file their amended complaints, such complaints should be *individual* applications, detailing events specific to Plaintiffs' individual claims.

III. NOTICE PLEADING REQUIREMENT

A civil complaint must conform to the requirements set forth in Rules 8(a) and (e) of the Federal Rules of Civil Procedure. The Rules require that the complaint be simple, concise, direct and set forth "*a short and plain statement* of the claim showing that the pleader is entitled to relief." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (emphasis supplied); cf. McNeil v. United States, 508 U.S. 106, 113 (1993) (procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint naming numerous defendants, setting forth numerous causes of action, and numbering fifteen pages and eighty-eight paragraphs); Burks v. City of Philadelphia, 904 F.Supp. 421, 424 (E.D.Pa. 1995) (pleading which represented a "gross departure from the letter and the spirit of Rule 8(a)(2)" in failing to contain a short and plain statement of claims struck by District Court). Therefore, Plaintiffs are expressly advised by the Court that, in the event Plaintiffs elect to file their individual complaint, their pleadings must be simple,

clear and concise; such pleadings should specify only the dates of events complained about, the nature of these events and the actors involved.  Plaintiffs are recommended to utilize blank form civil rights complaints provided to them by the Clerk of the Court.

IV.     FILING FEE / *IN FORMA PAUPERIS* APPLICATION

The Clerk will not file a civil rights complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted in forma pauperis, status pursuant to 28 U.S.C. § 1915.  See Local Civil R. 5.1(f).  The filing fee for a civil rights complaint is $350.00.  See  28 U.S.C. § 1914(a).  If a prisoner seeks permission to file a civil rights complaint in forma pauperis, the Prison Litigation Reform Act ("PLRA") requires the prisoner to file an affidavit of poverty and a prison account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2).  The PLRA further provides that, if the prisoner is granted permission to file the complaint in forma pauperis, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct installment payments from the prisoner's prison account equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00.  See 28 U.S.C. § 1915(b).

In addition, if the prisoner is granted permission to proceed in forma pauperis, then the PLRA requires this Court to screen the complaint for dismissal and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an defendant who is immune from such relief. The PLRA further provides that, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

The Plaintiffs are prisoners. They, however, failed to pay their filing fees or to submit their respective affidavits of poverty, together with their six-month prison account statements required by 28 U.S.C. § 1915(a)(2). Their Complaint does not indicate that either Plaintiff is in danger of imminent harm. Therefore, the Complaint will not be filed.

V. CONCLUSION

For the reasons set forth herein, the Court finds that certification of a class under Rule 23 or joinder of Plaintiffs'

claims under Rule 20 are not suitable, and their Complaint will not be filed for their failure to prepay their filing fees or to submit their complete in forma pauperis applications.

    An appropriate Order accompanied this Opinion.

                                S/Robert B. Kugler
                                **ROBERT B. KUGLER**
                                **United States District Judge**

Dated: December 4, 2007